By the Court.—Sedgwick, Ch. J.
The action was for damages for the conversion of personal property. Several parties were made defendants as jointly responsible for the conversion. The action went to trial against the appellant solely. The plaintiff recovered a verdict for $1,300. After judgment was entered the appellant moved that the judgment be discharged or vacated or that defendant have leave to file a supplemental answer to set up a defence disclosed by the affidavits, and that the judgment be opened for the purpose of hav *398 ing a new trial upon the answer to be served. The affidavits showed that before the trial then already had, the plaintiff had received satisfaction for the conversion from those who were co-defendants with appellant. The plaintiff had received $1,500 in money and had given to said co-defendants general releases under seal'. These facts showed entire and not partial satisfaction. On the motion there was no dispute as to the facts. It was however objected that the defendant had before the trial learned the situation of the case and should have made a proper plea before trial. This might be so if the sole effect of the transaction of satisfaction were to furnish the defendant with a defence. But it had. another effect, which was to give the defendant a right to a satisfaction of the judgment, when the facts should be competently ascertained as against the defendant. I do not think, under, the facts, that the plaintiff was injured by shaping the controversy so that its determination by a trial upon the issues made by the supplemental answer would adjust the rights of the parties.
The terms upon which the defendant was to exercise a right to serve the answer were within the discretion of the court, and it does not appear that the discretion was improperly used. •
Order affirmed with $10 costs.
O’Gorman, J., concurred.